J. S29033/19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| FLOYD M. BROWN, | : | No. 2731 EDA 2018 |
| | : | |
| Appellant | : | |

Appeal from the Order, June 4, 2018,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0609041-1983

BEFORE:  BENDER, P.J.E., LAZARUS, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED JUNE 25, 2019**

Floyd M. Brown appeals **pro se** from the June 4, 2018 order dismissing his petition[1] filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, as premature.  After careful review, we affirm.

The PCRA court set forth the relevant factual history of this case in its October 18, 2018 opinion, and we need not reiterate it here.  (**See** PCRA court

---

[1] Although appellant has styled his December 26, 2017 **pro se** petition as a "Petition to Enforce Plea Agreement/Writ of **Habeas Corpus**," we treat appellant's petition as a PCRA petition. **See Commonwealth v. Taylor**, 65 A.3d 462, 465 (Pa.Super. 2013) (stating, "[i]t is well-settled that the PCRA is intended to be the sole means of achieving post-conviction relief.  Unless the PCRA could not provide for a potential remedy, the PCRA statute subsumes the writ of **habeas corpus**." (citations omitted)); **see also** 42 Pa.C.S.A. § 9542 (stating, "[t]he action established in this subchapter shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including **habeas corpus** and **coram nobis**.").

opinion, 10/18/18 at 1-3.) In sum, on September 20, 1983, appellant pled guilty to second-degree murder and was immediately sentenced to life imprisonment. Appellant filed his first PCRA petition on April 25, 2000, and his second PCRA petition on August 24, 2012. The instant *pro se* PCRA petition, appellant's third, was filed on December 26, 2017. The record reflects that at the time of this filing, appellant's appeal from the PCRA court's August 31, 2017 order dismissing his second PCRA petition as untimely was still pending before this court. (*See* Docket No. 3165 EDA 2017.)[2] Accordingly, on June 4, 2018, the PCRA court entered an order dismissing appellant's instant petition as premature, pursuant to *Commonwealth v. Lark*, 746 A.2d 585 (Pa. 2000) (holding that the PCRA court has no jurisdiction to consider a subsequent PCRA petition while an appeal from the denial of the petitioner's prior PCRA petition in the same case is still pending on appeal). (*See* PCRA court order, 6/4/18 at n.1.) This timely appeal followed on June 13, 2018.

Proper appellate review of a PCRA court's dismissal of a PCRA petition is limited to the examination of "whether the PCRA court's determination is supported by the record and free of legal error." *Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa.Super. 2014) (citation omitted). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the

---

[2] Appellant's appeal at No. 3165 EDA 2017 was subsequently dismissed for failure to file a brief on January 3, 2019. (*See per curiam* order, 1/3/19.)

certified record." ***Commonwealth v. Lawson***, 90 A.3d 1, 4 (Pa.Super. 2014) (citations omitted). "This Court grants great deference to the findings of the PCRA court, and we will not disturb those findings merely because the record could support a contrary holding." ***Commonwealth v. Hickman***, 799 A.2d 136, 140 (Pa.Super. 2002) (citation omitted). Lastly, we recognize that "[t]he PCRA's timeliness requirements are jurisdictional in nature and must be strictly construed[.]" ***Commonwealth v. Abu-Jamal***, 941 A.2d 1263, 1267 (Pa. 2008) (citation omitted), ***cert. denied***, 555 U.S. 916 (2008).

Pennsylvania law makes clear the PCRA court has no jurisdiction to consider a PCRA petition while an appeal from the denial of a petitioner's prior PCRA petition is still pending on appeal. In ***Lark***, a petitioner filed his second PCRA petition, while an appeal from his first PCRA petition was pending with this court. ***Lark***, 746 A.2d at 586-587. The PCRA court dismissed the second petition. ***Id.*** at 587. On appeal, the ***Lark*** court held that, "when an appellant's PCRA appeal is pending before a court, **a subsequent PCRA petition cannot be filed until the resolution of review of the pending PCRA petition** by the highest state court in which review is sought, or upon the expiration of the time for seeking such review." ***Id.*** at 588 (emphasis added); ***see also Commonwealth v. Montgomery***, 181 A.3d 359, 364 (Pa.Super. 2018) (***en banc***) (reaffirming that ***Lark*** precludes consideration of subsequent PCRA petition while appeal of prior PCRA petition is still pending), ***appeal denied***, 190 A.3d 1134 (Pa. 2018). Consequently, as a panel of this

court recently explained in **Commonwealth v. Beatty**, ___ A.3d ___, 2019 WL 1512347 (Pa.Super. 2019):

> A petitioner must choose either to appeal from the order denying his prior PCRA petition or to file a new PCRA petition; the petitioner cannot do both, **i.e.**, file an appeal and also file a PCRA petition, because "prevailing law requires that the subsequent petition must give way to a pending appeal from the order denying a prior petition." **Commonwealth v. Zeigler**, 148 A.3d 849, 852 (Pa.Super. 2016). In other words, a petitioner who files an appeal from an order denying his prior PCRA petition must withdraw the appeal before he can pursue a subsequent PCRA petition. **Id.** If the petitioner pursues the pending appeal, then the PCRA court is required under **Lark** to dismiss any subsequent PCRA petitions filed while that appeal is pending. **Lark**, [746 A.2d at 588].

**Beatty**, 2019 WL 1512347 at *2 (citation formatting amended).

Here, appellant filed the instant PCRA petition, his third, while the appeal from the denial of his second PCRA petition was still pending. Based on the foregoing, the PCRA court had no jurisdiction to review the merits of appellant's petition and properly dismissed it as premature.

Order affirmed. The Commonwealth's application for extension of time to file a brief **nunc pro tunc** is denied as moot.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/25/19